139 So.2d 911 (1962)
William HUNTLEY, Sr., and Edward Joyce, Appellants,
v.
Armando ALEJANDRE, Appellee.
No. 61-490.
District Court of Appeal of Florida. Third District.
April 17, 1962.
Rehearing Denied May 3, 1962.
Robert C. Lane, Miami, Orr & Lazar and A. Norman Drucker, Miami Beach, for appellants.
Carlos B. Fernandez and Roderick Knott, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
The appellants, who were defendants below, seek review of a final judgment entered against them in a suit brought on a bill of exchange executed in Havana, Cuba. They urge error by the trial court in taking jurisdiction of the cause, in view of an agreement executed simultaneously with the bill of exchange waiving all jurisdictions other than the courts of Havana, Cuba, for settlements of disputes arising out of the bill of exchange. And, further, that even if the court had jurisdiction over the cause it was error not to enter a judgment in pesos, or its equivalent in American currency.
The primary question to be considered in this case is whether or not the private agreement executed by the parties in Cuba at the time of the execution and delivery of the bill of exchange sued upon, providing that all actions arising out of the negotiable instrument should be brought in the courts of Havana, Cuba, is a binding agreement which must be recognized by the courts of Florida
The agreement states, in part:
"* * * and waiving the jurisdictional privilege of any other domicile that they may be entitled to, submit to the judges and the courts of this city for the handling of any judicial or extrajudicial actions and notifications that this contract may give rise to * * *." [emphasis added]
This contract was executed in Havana, Cuba.
The appellants, in support of their contention that the lower court lacked jurisdiction of this case as a result of the aforementioned stipulation, cite Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375, which states:
"It is settled law in this state that the parties to an agreement may provide *912 therein where a suit may be brought to enforce it if it should become necessary, * * *."
This case involved a question of the venue, not jurisdiction and, therefore, is not controlling. As stated in 14 Fla. Law and Practice, Jurisdiction, § 3:
"There is a clear distinction between `jurisdiction' and `venue'. `Jurisdiction' is the power of the court to hear and determine the particular cause, while `venue' refers to the geographical area in which the defendant has the right to be sued or tried."
In the instant case the agreement does not govern venue, but waives the jurisdictional privilege of any domicile that the parties may be entitled to, divesting all courts of the power to hear and determine the cause except the courts of Havana, Cuba. The agreement expressly pertains to jurisdiction of the courts and the appellants urge that the trial court lacked jurisdiction of the cause.
As the agreement in the instant case involves jurisdiction of the courts, we must decide whether or not parties to a contract may divest a court of its jurisdiction by the terms thereof. It is settled law in Florida that parties cannot confer jurisdiction in a particular court by contract [8 Fla.Jur., Court, § 114] and, conversely, they cannot oust the courts of jurisdiction vested in them by law or irrevocably debar themselves from appealing to the established tribunals of justice. 7 Fla.Jur., Contracts, § 63. A search of prevailing Florida law reveals no case wherein an agreement to submit to the jurisdiction of a particular court has been recognized. Turning to other jurisdictions, we find the case of Kent v. Universal Film Mfg. Corp. (1922), 200 App. Div. 539, 193 N.Y.S. 838, where a court had before it a similar contract to the one in the case at bar, designating the city of Havana, Cuba, and its courts as the exclusive forum for the determination of all disputes arising out of an agreement and a waiver of the jurisdiction of the domiciles of the parties to the agreement. In considering the contract and the attempted ouster of the jurisdiction of the courts of New York, it was held that the provision could not be enforced. Although this decision turned on another point, the reasoning in the opinion appears to be sound and in conformity with the majority rule throughout the United States. See: 56 A.L.R.2d 306, § 4, and cases cited therein. The general rule is stated to the effect that contractual agreements, by which it is sought to limit particular causes of action which may arise in the future to specific courts, are either held invalid or are viewed as not barring litigation of causes of action arising out of the agreements in jurisdictions different from those specified. We adopt the majority view that an agreement to limit future causes of action, arising out of an agreement, to the courts of a specific place is void as an attempt to oust the jurisdiction of all other courts over subsequent disputes arising out of the agreement. And, we hold that the stipulation in the instant case to submit to the jurisdiction of the courts of the city of Havana, Cuba, for all judicial and extra judicial actions arising out of the bill of exchange [or the agreement executed in connection therewith] was void and not enforceable in our courts. Therefore, the trial court was properly exercising its jurisdiction in entertaining the cause.
The appellants have also urged error in the failure of the trial judge to render judgment in pesos, or its equivalent in American currency. Assuming [which we do not here decide] that the trial court should have entered its judgment in pesos, or its equivalent in American currency [see: Revillon v. Demme, 114 Misc. 1, 185 N.Y.S. 443], this point is not well taken by the appellants as the record reveals that the official rate of exchange was equal and the appellants have offered no evidence to the contrary. Therefore, the final judgment is affirmed.
Affirmed.