208 So.2d 873 (1968)
SAUSMAN DIVERSIFIED INVESTMENTS, INC., Appellant,
v.
The COBBS COMPANY, Inc., Appellee.
No. 67-1083.
District Court of Appeal of Florida. Third District.
April 9, 1968.
*874 Nicholson, Howard, Brawner & Lovett, Miami, for appellant.
Broad & Cassel and Lewis Horwitz, Miami Beach, for appellee.
Before BARKDULL and SWANN, JJ., and LOPEZ, AQUILINO, Jr., Associate Judge.
SWANN, Judge.
The defendant below, Sausman Diversified Investments, Inc., has taken an interlocutory appeal from an order of the trial court which denied its motion to dismiss plaintiff's complaint for lack of jurisdiction over the persons, insufficiency of process and insufficiency of service of process.
The record reveals that the plaintiff, Cobbs, filed its complaint alleging, inter alia, that the parties had entered into a franchise agreement which provided that any action thereon would be "within the jurisdiction of Dade County, Florida" and "franchisee [Sausman] agrees to enter his appearance in such action." It further alleged that Sausman was doing business within the State of Florida as a result of the franchise agreement and that it had breached the agreement by closing its restaurant.
Plaintiff attempted service of process on the Secretary of State under Fla. Stat. §§ 47.16 and 47.30, F.S.A. Sausman moved to quash the service of process alleging that it was not doing business in the State of Florida and for various other reasons. In support thereof, it filed an affidavit of its president that it was a corporation organized and existing under the laws of Pennsylvania; that it maintained and operated its businesses there; that it had not owned or leased any real or personal property in Florida; had never maintained an office in Florida; and had never done any of the things which would constitute operating, conducting or engaging in any business or business venture in the State of Florida. It also filed an affidavit that it had signed the franchise agreement and delivered its check for the franchise to the representative of the plaintiff in Pennsylvania.
The plaintiff's affidavit asserted that the franchise agreement was signed by the plaintiff [Cobbs] in Dade County, Florida, and that under the terms of the agreement the defendant Sausman was required to submit to the jurisdiction of the courts in Dade County, Florida.
The trial court denied the motion to quash and defendant has properly taken this interlocutory appeal.
The law provides that the aforesaid statute[1] should be strictly construed and that the party seeking to invoke its benefits has the burden of clearly showing that the situation presented justifies the application of the statute. Young Spring & Wire Corp. v. Smith, Fla. 1965, 176 So.2d 903; Fawcett Publications, Inc. v. Rand, Fla.App. 1962, 144 So.2d 512. The primary contact claimed between the defendant and the State of Florida, is that the plaintiff signed the franchise agreement in the State of Florida; although the defendant signed in Pennsylvania. This does not appear to be sufficient minimum contacts with the State of Florida to constitute doing business *875 or "engaging in a business or business venture" so as to make the defendant amenable to substituted service of process pursuant to Fla. Stat. § 47.16, F.S.A., Berkman v. Ann Lewis Shops, Inc., 246 F.2d 44 (2d Cir.1952) and Toffel v. Baugher, Fla.App. 1960, 125 So.2d 321. It has been said that the signing of a note and the defense of a law suit are not sufficient acts in and of themselves to constitute carrying on or engaging in a business or business venture in Florida. See Odell v. Signer, Fla.App. 1964, 169 So.2d 851.
Cobbs says that Sausman is doing business or has the minimum contacts within Florida to make it amenable to substituted service since there are a number of items required to be performed by the plaintiff in Florida under the franchise agreement. The fact that the plaintiff, Cobbs, executed the agreement in Florida and that the defendant franchisee was required, under the terms of the agreement, to permit the plaintiff to supervise its activities, supply it with merchandise, direct its operation, and do various other supervisory acts, does not mean that Sausman was doing business within the State of Florida. It has been stated that jurisdiction over a non-resident defendant by substituted service can be obtained only for those obligations or causes of action which arise out of the activities of the defendant within the State of Florida. See Illinois Central Railroad Company v. Simari, Fla. 1966, 191 So.2d 427; Unterman v. Brown, Fla.App. 1964, 169 So.2d 522.
We, therefore, find that the defendant was not engaged in a business or business venture within the State of Florida and that this cause of action did not arise out of the activities of the defendant, Sausman, within the state.
Cobbs claims that even if Sausman was not engaged in a business or business venture within the State of Florida, it has submitted to its jurisdiction by the terms of the franchise agreement set forth above.
We first observe that this part of the agreement is ambiguous in that it requires that "any action, legal or otherwise, instituted by either party against the other is to be within the jurisdiction of Dade County, Florida." This language is ambiguous as to whether it is referring to "venue" or "jurisdiction".
Generally, in Florida parties to a contract cannot confer jurisdiction on a particular court by contract and conversely they cannot oust the courts of jurisdiction vested in them by law or irrevocably debar themselves from appealing to the established tribunals of justice. See Huntley v. Alejandre, Fla.App. 1962, 139 So.2d 911. It was held therein that a contractual agreement purporting to waive all jurisdiction other than that of the courts of the City of Havana, Cuba was void and did not prohibit the courts of Florida from appropriate jurisdiction.
Since Dade County, Florida, in and of itself, has no specific jurisdictional power, we find that this provision in the franchise agreement does not confer exclusive jurisdiction of this cause on the appropriate courts in and for Dade County, Florida. [Emphasis added]
The appellant contends that there are other reasons for reversal but in light of the foregoing opinion there is no reason to consider those contentions.
This cause is, therefore, reversed and remanded with directions to the trial court to enter its final order in accordance herewith.
It is so ordered.
NOTES
[1] Fla. Stat. § 47.16, F.S.A.