455 So.2d 1121 (1984)
MARITIME LIMITED PARTNERSHIP, d/b/a Maritime Beach & Racquet Club, and T-Jon Properties, Inc., Appellants,
v.
GREENMAN ADVERTISING ASSOCIATES, INC., Appellee.
GREENMAN CORPORATE CONSULTANTS, INC., Appellant,
v.
MARITIME LIMITED PARTNERSHIP d/b/a Maritime Beach & Racquet Club, and T-Jon Properties, Inc., Appellees.
Nos. 83-2143, 83-2308.
District Court of Appeal of Florida, Fourth District.
September 19, 1984.
*1122 Robert A. Ware of English, McCaughan & O'Bryan, Fort Lauderdale, for Maritime Ltd. Partnership and T-Jon Properties, Inc.
Scott R. Gill of Jacobson & Gottlieb, Hollywood, for Greenman Advertising Associates, Inc.
LETTS, Judge.
The question we believe to be controlling in these consolidated appeals is whether parties to an agreement may contract in advance to submit to the jurisdiction of a given forum, even though no cause of action exists at the time of signing. We hold under the facts of this case, that they can.
Two interlocking Florida firms entered into certain closely related contracts with a Carolina developer under which the Florida firms were to supply consulting and advertising services for a time-share project in Myrtle Beach, South Carolina. Apparently, much of the work performed by the firms was undertaken in Florida and payment for their services were received here. However, it is conceded that the contracts were signed in South Carolina despite some boilerplate language to the contrary.
The contracts in question had two different provisions concerning potential litigation. The first of these provided that all issues would be resolved at a forum situated "midway between Myrtle Beach [South Carolina] and Hollywood [Florida]." It was conceded at oral argument that this extraordinary choice of location would be either on land in Florida or someplace out in the Atlantic Ocean. We view the oceanic alternative as absurd or at a minimum indicative of a Florida forum and instead adopt the second provision which provided that "jurisdiction for any litigation arising under this agreement shall lie within the appropriate court in Broward County, Florida." From this we deduce that a Florida forum would be appropriate.
There is a paucity of law in Florida about whether jurisdiction over a person can be obtained by consent,[1] but the Third District has held that "parties to a contract cannot confer jurisdiction on a particular court by contract." Sausman Diversified Investments, Inc. v. The Cobbs Co., 208 So.2d 873, 875 (Fla. 3d DCA 1968), Zurich Insurance Co. v. Allen, 436 So.2d 1094 (Fla. 3d DCA 1983), and Huntley v. Alejandre, 139 So.2d 911 (Fla. 3d DCA 1962). There are other factors and language in these three Third District cases which might make the foregoing quoted statement not quite as unequivocal as it sounds. However, assuming *1123 it is the law of the Third District that one cannot ever designate resolution of disputes to a particular forum by contract, because to do so ousts some other court of jurisdiction, we disagree with that conclusion, under the circumstances of the case now before us.[2]
No one questions subject matter jurisdiction in these appeals; and, of course, we agree that such cannot be conferred by consent of, or acquiescence by, the parties. It goes without saying that a million dollar controversy could not be litigated in a Florida county court just because the contracting parties agreed to do so. However, the question of in personam jurisdiction is another matter and we adopt the reasoning of the Supreme Court of the United States in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), wherein the court held that in personam jurisdiction can be conferred by consent even though no cause of action exists when the contract is entered into, providing that:
1. The forum was not chosen because of overwhelming bargaining power on the part of one party which would constitute overreaching at the other's expense.
2. Enforcement would not contravene a strong public policy enunciated by statute or judicial fiat, either in the forum where the suit would be brought, or the forum from which the suit has been excluded.
3. The purpose was not to transfer an essentially local dispute to a remote and alien forum in order to seriously inconvenience one or both of the parties.
In the case before us, there is nothing in the record to indicate overreaching. No stated strong public policy or statute appears to have been contravened, unless the pronouncements of the Third District in and of themselves constitute state-wide public policy, which we do not feel is so. Moreover, the forum is obviously neither remote nor seriously inconvenient since one of the parties is located in Florida and much of the substance of the contracts call for performance here. Accordingly, we adopt the Bremen rationale, even though Bremen involved an international rather than an inter-state contract, and conclude that the clause providing that this matter be litigated in Broward County circuit court was valid. See also Woods v. Luby Chevrolet, Inc., 402 So.2d 1316, 1317 (Fla. 4th DCA 1981); National Equipment Rental, Ltd. v. Reagin, 338 F.2d 759 (2d Cir.1964); Annot., 56 A.L.R.2d 300 (1957 & Supp. 1984); and 21 C.J.S. Courts § 85 (1940).
In these frenetic days of jet travel, satellite communication and the like, inter-state contracts between corporations are commonplace. Absent a statute to the contrary, and if such contracts are entered into at arms length with equal bargaining power and partial performance is called for in both states, we can perceive no public policy against the contracting parties designating the home state of one of two corporations as the forum for ensuing litigation. Indeed, a conclusion to the contrary does not appear to serve any purpose other than to provide procedural loopholes through which one of the contracting parties can use dilatory tactics to escape clearly entered into obligations. Furthermore, it is well recognized that contracting parties can agree on what state law is to apply without doing violence to public policy. Dept. of Motor Vehicles v. Mercedes-Benz of No. Am., Inc., 408 So.2d 627 (Fla. 2d DCA 1981) and Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975). That being so, if one can choose the law of the forum, we fail to understand how arms length choice of the forum itself is anything other than a distinction without much of a difference. We recognize, however, that our ruling here is contra to considerable case precedent and is, apparently, in conflict with the Third District Court of Appeal. As a consequence, deeming this matter to be of great public importance, we hereby certify *1124 the following question to the Supreme Court:
CAN PARTIES TO A CONTRACT AGREE THEREIN TO SUBMIT TO THE JURISDICTION OF A CHOSEN FORUM IN THE EVENT OF SUBSEQUENT LITIGATION ARISING OUT OF SAID CONTRACT WHEN THERE IS NO OVERREACHING, NO CONTRAVENTION OF STATED PUBLIC POLICY AND THE FORUM IS NEITHER REMOTE NOR ALIEN?
In the consolidated matters before us, the trial court in one case, in effect, found jurisdiction to exist under the long arm statute, Section 48.193, Florida Statutes (1981), thereby rendering the in personam jurisdiction by contract agreement moot. However, this latter issue is properly raised on appeal, we have chosen to address it and we find our conclusion both dispositive and in accord with the result reached by the trial court.
In the other case, the trial court granted the motion to dismiss citing lack of jurisdiction. Our conclusion disputes this latter ruling and we reverse it.
AFFIRMED IN PART, REVERSED IN PART.
HURLEY and DELL, JJ., concur.
NOTES
[1] For the purposes of this opinion, we do not address any arguments concerning doing business or performing acts in Florida through minimum contacts and address ourselves solely to the question of consent to jurisdiction.
[2] As we perceive it, the instant case does not present a venue question. As reported in Bayitch, Conflict of Laws: Florida 1968-69, 24 U. Miami L.Rev. 433, 438 (1970) venue appears to be an intra-state matter quite distinct from jurisdiction.