474 So.2d 844 (1985)
Francisco J. MANRIQUE, Inversiones Continentales, N.V., a Foreign Corporation, and Argoville Corporation, N.V., a Foreign Corporation, Appellants,
v.
Giorgio FABBRI, Appellee.
No. 85-974.
District Court of Appeal of Florida, Third District.
August 6, 1985.
Rehearing Denied September 17, 1985.
*845 Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill and Lewis M. Kanner, Miami, for appellants.
Sams, Ward, Newman, Elser & Lovell and Barbara Sanford Creegan and Manuel A. Reboso and Frank Newman, Miami, for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
The single issue on this appeal involves the propriety of the trial court's order denying the defendants' motion to dismiss for lack of jurisdiction. Inversiones Continentales, N.V., through its nominee representative, Francisco J. Manrique, entered into a "Stockholders' Settlement Agreement and Stock Option" which provides in pertinent part that "[t]he laws of the Netherlands Antilles shall control in case of any such conflict or dispute between the parties to this agreement, who submit themselves to that jurisdiction."
The gist of the appellants' argument is that the foregoing language is a forum selection clause which should be honored in light of the recent decision in Maritime Ltd. Partnership v. Greenman Advertising Associates, 455 So.2d 1121 (Fla. 4th DCA 1984). In that case, our sister court certified the following question to the Supreme Court of Florida.
CAN PARTIES TO A CONTRACT AGREE THEREIN TO SUBMIT TO THE JURISDICTION OF A CHOSEN FORUM IN THE EVENT OF SUBSEQUENT LITIGATION ARISING OUT OF SAID CONTRACT WHEN THERE IS NO OVERREACHING, NO CONTRAVENTION OF STATED PUBLIC POLICY AND THE FORUM IS NEITHER REMOTE NOR ALIEN?
Maritime Ltd. Partnership, 455 So.2d at 1124. In so doing, the fourth district recognized a conflict between its decision and the decisions of this court in Zurich Insurance Co. v. Allen, 436 So.2d 1094 (Fla. 3d DCA 1983); Sausman Diversified Investments, Inc. v. The Cobbs Co., 208 So.2d 873 (Fla. 3d DCA 1968); and Huntley v. Alejandre, 139 So.2d 911 (Fla. 3d DCA), cert. denied, 146 So.2d 750 (Fla. 1962). Appellants invite this court to recede from its prior decisions and adopt the rationale of the fourth district.
Because we conclude that the language of the contract as quoted above merely establishes which law governs in the event of a dispute, see Sanders v. Inversiones Varias, S.A., 449 So.2d 951 (Fla. 3d DCA 1984), we decline appellants' invitation. There is no question that the parties are free to include a choice of law clause in a contract without violating any public policy. Department of Motor Vehicles v. Mercedes-Benz of North America, Inc., 408 So.2d 627 (Fla. 2d DCA 1981); Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975). The phrase "who submit themselves to that jurisdiction" cannot reasonably be interpreted to require that all disputes arising under the contract be resolved in the Netherlands Antilles. In no event can it be construed to oust Florida of subject matter jurisdiction. See Maritime Ltd. Partnership, 455 So.2d at 1123. At best, the language reflects an agreement by the parties not to contest the jurisdiction of the Netherlands Antilles courts if suit is brought in that jurisdiction.
We accordingly affirm the order of the trial court.