DOWNEY, Judge.
Appellant, C.R. McRae (McRae) appeals from a non-final order denying his motion to dismiss a complaint against him because of lack of personal jurisdiction.
Appellee, J.D./M.D., Inc. (J.D.), a Delaware corporation with offices in several states including Florida, is a company that specializes in procuring expert witnesses to assist parties in litigation. J.D. entered into a contract with McRae, a lawyer, and his client, Sheperd, both residents of Mississippi, to find an expert witness in a medical malpractice suit Sheperd was maintaining in Mississippi. The contract provided that, if such a witness was found and used, J.D. was to be paid a percentage of the recovery. It also provided:
*946 It is agreed that this Agreement, wherever executed, shall be construed in accordance with the laws of the state of Florida and venue shall be in Palm Beach County, Florida.
J.D. filed a complaint in the circuit court of Palm Beach County against Sheperd and McRae for breach of said contract and obtained service of process under section 48.-194 on said defendants in Mississippi. McRae moved to quash service on the grounds that he is not subject to the jurisdiction of the Florida court under section 48.193, Florida Statutes (1983); that he is a nonresident of Florida; he is not doing business or carrying on a business venture in Florida; that payments under the contract in question were to be made in New Jersey; and that there simply were no contacts with Florida. Therefore, McRae argued the case should be dismissed because the court had no personal jurisdiction over him.
The trial court rejected these arguments and denied the motion and we think rightly so.
The basis for obtaining personal jurisdiction over McRae, a non-resident, is not the Florida Long Arm Statute and one or more of the statutory conditions for obtaining such jurisdiction. Rather, the contract entered into between the parties provided the basis for Florida obtaining such jurisdiction. Having agreed that Florida should have such jurisdiction in the event of a lawsuit, when McRae was served with process pursuant to 48.194, he was a party thereto and personally liable for any judgment ultimately entered against him.
McRae contends also that such contractual provisions are invalid, relying upon Sausman Diversified Investments, Inc. v. Cobbs Co., 208 So.2d 873 (Fla. 3d DCA 1968). However, in Maritime Limited Partnership v. Greenman Advertising Associates, Inc., 455 So.2d 1121 (Fla. 4th DCA 1984), this court held such contracts were valid and adopted the reasoning of the Supreme Court of the United States in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In that case we held that in personam jurisdiction can be conferred by consent, provided that:
1. The forum was not chosen because of overwhelming bargaining power on the part of one party which would constitute overreaching at the other’s expense.
2. Enforcement would not contravene a strong public policy enunciated by statute or judicial fiat, eithér in the forum where the suit would be brought or the forum from which the suit has been excluded.
3. The purpose was not to transfer an essentially local dispute to a remote and alien forum in order to seriously inconvenience one or both of the parties.
455 So.2d at 1123.
Accordingly, the order appealed from is affirmed.
LETTS and WALDEN, JJ., concur.