511 So.2d 540 (1987)
C.R. McRAE, Petitioner,
v.
J.D./M.D., INC., Respondent.
No. 68370.
Supreme Court of Florida.
July 9, 1987.
Rehearing Denied September 11, 1987.
*541 Karen E. Roselli of Krupnick, Campbell, Malone and Roselli, P.A., Fort Lauderdale, for petitioner.
Marjorie Gadarian Graham of Jones and Foster, P.A., West Palm Beach, for respondent.
EHRLICH, Justice.
We have for our review McRae v. J.D./M.D., Inc., 481 So.2d 945 (Fla. 4th DCA 1985), wherein the district court certified a question of great public importance. We have jurisdiction, article V, section 3(b)(4), Florida Constitution.
The question certified by the district court[1] is overly broad. Therefore, we rephrase the question as follows:
CAN A FLORIDA COURT EXERCISE IN PERSONAM JURISDICTION OVER THE OBJECTION OF A NON-RESIDENT DEFENDANT WHO HAS DONE NONE OF THE ACTS SPECIFIED IN FLORIDA'S LONG ARM STATUTE, SECTION 48.193, FLORIDA STATUTES, BUT WHO IS A PARTY TO A CONTRACT WHICH DESIGNATES FLORIDA AS THE FORUM FOR ANY SUBSEQUENT LITIGATION?
We answer this question in the negative and quash the decision of the district court below.
The respondent, J.D./M.D., Inc. (J.D.), is a Delaware corporation whose business is providing expert witnesses to assist parties in litigation. The petitioner, McRae, an attorney, and his client Shephard, are both Mississippi residents who contracted with J.D. for J.D. to provide an expert witness for use in a medical malpractice suit Shephard was maintaining in Mississippi. The contract provided that the witness supplied by J.D. and utilized by McRae would be paid a fee and that J.D. would receive a percentage of any ultimate recovery awarded Shephard. The record shows that all the parties' negotiations took place between Mississippi and J.D.'s Summitt, New Jersey office. In spite of these facts, however, the contract contained the following clause which forms the basis for the issue presented in this case:
It is agreed that this agreement, wherever executed, shall be construed in accordance with the laws of the State of Florida and venue shall be in Palm Beach County, Florida.
J.D. filed a complaint in the circuit court of Palm Beach County against McRae and Shephard alleging a breach of the contract, and obtained service of process on McRae in Mississippi pursuant to section 48.194. McRae filed a motion to quash service on the grounds that having done none of the acts specified in section 48.193 (Florida's long arm statute), the suit should be dismissed because the court had no personal jurisdiction over him. The trial court denied the motion and the district court agreed, reasoning:

*542 The basis for obtaining personal jurisdiction over McRae, a non-resident, is not the Florida Long Arm Statute and one or more of the statutory conditions for obtaining such jurisdiction. Rather, the contract entered into between the parties provided the basis for Florida obtaining such jurisdiction.
481 So.2d at 946.
Petitioner argues that the clause at issue was merely an attempt to confer venue upon the circuit court of Palm Beach County, and that the clause was enforceable only if there existed an independent ground for Florida asserting personal jurisdiction. In view of the treatment of this case given by the courts below, we will start with the assumption made by both the district court and the trial court that the contract clause at issue was an attempt to confer jurisdiction on Florida.[2] In essence, the district court's reasoning is that Florida courts can exercise in personam jurisdiction over an objecting, non-resident defendant,[3] even though the defendant has engaged in none of the acts set forth in our long arm statute. We reject this reasoning and hold that a forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant.
The traditional view of forum selection clauses is that such clauses are void because they attempt to oust a court of its lawful authority to review a given case. See, e.g., Huntley v. Alejandre, 139 So.2d 911 (Fla. 3d DCA 1962). However, this view has been severely eroded as is evidenced by our recent decision in Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986). Manrique addressed the issue of whether Florida courts should enforce forum selection clauses which designate a forum other than Florida for the resolution of the parties' disputes. Fabbri established a corporation in the Netherlands Antilles whose principal asset was a parcel of real estate located in Dade County. Fabbri subsequently sold his corporation to another Netherlands Antilles corporation, Continentales. Fabbri sued Continentales in Dade County for breach of contract; Continentales moved to dismiss for lack of jurisdiction because the contract at issue contained a clause designating the Netherlands Antilles as the forum for litigating any dispute arising between the parties. In finding the clause should be enforced, we rejected the theory that forum selection clauses represent "an impermissible attempt to divest a court of its lawful authority to review a given case." Id. at 439. We reasoned that such clauses should be enforced because they "merely present the court with a legitimate reason to refrain from exercising that jurisdiction." Id. at 439-40 (emphasis supplied). Implicit in our holding is the fact that Florida had jurisdiction, presumably section 48.193(1)(c), Florida Statutes. Our holding that Florida should decline to exercise that jurisdiction was based on the fact that forum selection clauses represent "the legitimate expectations of contracting parties." Id. at 440.
In Manrique, we approved the decision of the Fourth District Court of Appeal in Maritime Limited Partnership v. Greenman *543 Advertising Associates, Inc., 455 So.2d 1121 (Fla. 4th DCA 1984). While the Maritime court chose to address solely the question of the parties' consenting to Florida's jurisdiction by contract, id. at 1122, n. 1, the court's statement of the facts unequivocally shows that Maritime, like Manrique, was predicated on the fact that Florida had an independent grounds for asserting in personam jurisdiction over the parties. Both Maritime and Manrique in turn relied on M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), which involved an agreement between Zapata, an American Corporation, and Unterweser, a German corporation. Pursuant to the contract Zapata was to tow its ocean-going drilling rig from Louisiana to the Adriatic Sea. The contract contained the following provision: "Any dispute arising must be treated before the London Court of Justice." Id. at 2, 92 S.Ct. at 1909. The rig was severely damaged in a storm in the middle of the Gulf of Mexico and was towed to Tampa, the nearest port. In spite of the contractual provision, Zapata subsequently filed an admiralty suit in the United States District Court in Tampa. The Supreme Court held that in the factual context of this international transaction the forum selection clause should have been enforced, and rejected the suggestion that the clause "ousted" the District Court of jurisdiction. Id. at 12, 92 S.Ct. at 1914.
In sum, Zapata, Maritime and Manrique were all predicated on the uncontroverted fact that there existed a basis other than the contract for the exercise of jurisdiction in the forum in which suit was initially filed. The situation presented in the case sub judice, however, is materially different.
In the case before us, it unequivocally appears that there is no independent basis for Florida to exercise jurisdiction over the defendant in this dispute. Respondent is a Delaware corporation that maintains a Florida office, and petitioner is a Mississippi attorney who has had no contacts with Florida. According to the record, the parties entered into a contract which called for respondent to provide expert witnesses for petitioner's client's use in a medical malpractice action in Mississippi. The record further shows that all contacts between the parties were through respondent's Summit, New Jersey office. In short, Florida has absolutely no connection with this transaction; the contract was neither negotiated here nor was it to be even partly performed here. We point out that the forum selection clause at issue here is not an attempt to "oust" Florida of its jurisdiction. To the contrary, it is an attempt to establish personal jurisdiction in the first instance over an objecting defendant who has done none of the acts set forth in section 48.193.
The legislature has set forth in our long arm statute the policy of this state concerning when Florida courts can exercise in personam jurisdiction over non-resident defendants.[4] Conspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement.
This observation leads us to the troublesome case of Datamatic Services Corp. v. Bescos, 484 So.2d 1351 (Fla. 2d DCA 1986), which relied upon both Maritime (which we approved in Manrique), and the decision of the Fourth District sub judice. While it is not clear from the Bescos court's opinion whether there existed an independent basis for Florida to exercise jurisdiction over the defendant Bescos, we disapprove two aspects of the district court's analysis in that case. First, we reject the suggestion that a defendant waives his due process right to contest the jurisdictional issue merely by signing a contract containing a permissive jurisdiction clause. Second, we disapprove that portion of the district court's analysis which elevates *544 the "construction and enforceability of contracts," 484 So.2d at 1361, over the requirements of both our long arm statute and the due process clause of the fourteenth amendment.
In conclusion, we hold that a contractual choice of forum clause designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction over an objecting, non-resident defendant. This holding in no way implicates our decision in Manrique which applies only when there exists an independent basis for a Florida court to assert jurisdiction over the non-resident defendant. It is only after the court properly has in personam jurisdiction over the defendant that the criteria set forth in Manrique concerning the enforceability of a forum selection clause comes into play.
Sub judice, McRae's motion to quash service on the grounds that he had engaged in none of the acts set forth in section 48.193 should have been granted by the trial court. Therefore, we quash the decision of the district court below and remand for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.
OVERTON, J., dissents.
NOTES
[1] "Can parties to a contract agree therein to submit to the jurisdiction of a chosen forum in the event of subsequent litigation arising out of said contract?" 481 So.2d at 946.
[2] The record does show that respondent has an office in Florida. Respondent urges that an independent basis exists for Florida to exercise in personam jurisdiction over the petitioner pursuant to section 48.193(1)(g), Florida Statutes. Under respondent's theory, its unilateral demand on petitioner for payment to be made at its Florida office, arising from the alleged breach of contract, is enough to bring McRae within the purview of the statute. Such a contention is meritless. There is no doubt that Florida was not the place where the contract was to be performed, thus negating the applicability of the statute. Accepting respondent's construction of the statute would raise serious due process concerns. See Meyer v. Auto Club Insurance Association, 492 So.2d 1314 (Fla. 1986) (a mere unilateral act by the plaintiff cannot provide the defendant with the requisite minimum contacts mandated by the fourteenth amendment).
[3] We point out that it is well settled law in this state that a defendant who makes a general appearance in a Florida court and does not initially contest solely the exercise of in personam jurisdiction, cannot thereafter raise the issue. See, e.g., Cobb v. State, 136 Fla. 479, 181 So. 151 (1938); Anderson v. Agnew, 38 Fla. 30, 20 So. 766 (1896); Parkhurst v. Stone, 36 Fla. 456, 18 So. 594 (1895).
[4] It has been held by other courts that our long arm statute requires more activities or contacts than is mandated by the constitution. See Mallard v. Aluminium Co. of Canada, Ltd., 634 F.2d 236, 241 (5th Cir.1981), and cases cited therein. Strictly from a due process perspective, however, it appears that McRae's complete lack of contacts with Florida would make exercising in personam jurisdiction over him unconstitutional.