ALLEN, Judge.
The appellants, Unison Investment Limited Partnership (UILP) and CSP Unison (CSP), challenge an order by which the court exercised long-arm jurisdiction under section 48.193(l)(a), Florida Statutes. The appellee, Unison Industries Limited Partnership (Unison), had filed a declaratory judgment action against its former partners UILP and CSP, seeking a determination as to the parties’ rights in connection with their redemption agreement dissolving the parties’ partnership. UILP and CSP acknowledge that they were previously engaged as partners in a business venture in Florida, and that Unison continues to maintain a business presence in this state. However, UILP and CSP contend that the parties’ dispute now derives solely from the redemption agreement rather than any further business activity in this state, and that as foreign entities they are not subject to long-arm jurisdiction as to this matter in Florida.
Despite the out-of-state situs with regard to certain aspects of the redemption agreement, the document should not be viewed solely unto itself apart from the business purpose which it served. In somewhat different but analogous contexts, the courts of this state have recognized that actions on agreements in connection with a Florida business venture may arise from the venture so as to permit the exercise of jurisdiction. See Anson v. Lemperuer, 390 So.2d 478 (Fla. 1st DCA 1980); Harris v. Bean, 182 So.2d 464 (Fla. 3d DCA 1966). Furthermore, in State ex rel. Weber v. Register, 67 So.2d 619 (Fla.1953), an agreement in connection with efforts to end business activity in this state was deemed to be a part of the business venture.
The agreement had its origin in and its purpose was related to the parties’ business venture. Consistent with Weber, Anson, and Harris, Unison’s action on the agreement should thus be viewed as one which arises from the business venture which was the predicate for the agreement. The jurisdictional threshold in section 48.193(l)(a) being thereby satisfied, the appealed order is affirmed.
SMITH and DAVIS, JJ., concur.