CORTIÑAS, J.
 

 We review an issue of first impression for Florida courts, that is, whether, pursuant to sections 685.101-.102, Florida Statutes (1989), parties to a commercial contract can, by agreement alone, confer personal jurisdiction on a Florida court. We hold that they can.
 

 This lawsuit arises out of a multi-million dollar contract, whereby appellee, MasTec North America, Inc. (“MasTec”) agreed to perform services on certain cable systems in Virginia owned by appellants, Jetbroad-band WV, LLC and Jetbroadband VA,
 
 *161
 
 LLC, (collectively “Jet”).
 
 [1]
 
 On appeal, Jet argues that the trial court erred in denying its motion to dismiss for lack of personal jurisdiction.
 

 The contract included the following consent to jurisdiction and forum selection clause (“Jurisdiction Clause”):
 

 This agreement is governed by the laws of the State of Florida, without regard to its conflict of laws rules. Contractor and Subcontractor each hereby irrevocably agree and submit to the exclusive jurisdiction of the Circuit Court, Eleventh Judicial Circuit, Miami-Dade County, Florida in the event any action or proceeding is commenced by either party arising from, related to or in connection with this Agreement.
 

 Based on the Jurisdiction Clause, Mas-Tec, a Florida corporation, brought suit in Miami-Dade Circuit Court, alleging in paragraph five of its complaint that:
 

 Venue is proper in Miami-Dade County because the Defendants expressly and irrevocably agreed in the contract subject to this lawsuit that the Circuit Court in and for the Eleventh Judicial Circuit in Miami Dade County, Florida was the exclusive venue and jurisdiction for any action arising from, related to or in connection with the contract....
 

 The jurisprudence of long-arm jurisdiction in Florida has traditionally been based on section 48.193, Florida Statutes. In
 
 Venetian Salami,
 
 the Florida Supreme Court determined that the acts required by section 48.193 to confer on Florida courts personal jurisdiction over non-resident defendants, were not coextensive with those minimum contacts necessary to satisfy Due Process.
 
 [2]
 

 See Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 500 (Fla.1989). Rather, to determine whether long-arm jurisdiction exists, two inquiries must be made. First, a court must determine whether “the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of [section 48.193]; and if it does, the next inquiry is whether sufficient ‘minimum contacts’ are demonstrated to satisfy due process requirements.”
 
 Id.
 
 at 502 (quoting
 
 Unger v. Publisher Entry Serv., Inc.,
 
 513 So.2d 674, 675 (Fla. 5th DCA1987)).
 

 Generally, an agreement alone is insufficient to confer personal jurisdiction on Florida courts.
 
 McRae v. J.D./M.D., Inc.,
 
 511 So.2d 540 (Fla.1987). Decided in 1987,
 
 McRae
 
 addressed only section 48.193 and determined that “[cjonspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement.”
 
 Id.
 
 at 543.
 

 Two years after
 
 McRae
 
 was decided, the Legislature promulgated sections 685.101-.102, which are contained within the Contract Enforcement Chapter of the Commercial Relations Title of Florida Statutes. Section 685.101, titled Choice of Law, provides in pertinent part, that:
 

 The parties to any contract, agreement, or undertaking ... in consideration of or relating to any obligation arising out of a transaction in the aggregate not less than $250,000 ... may, to
 
 *162
 
 the extent permitted under the United States Constitution, agree that the law of this state will govern such contract ... whether or not such contract ... bears any relation to this state.
 

 § 685.101(1), Fla. Stat. (1989). However, there are limits to the reach of section 685.101. Section 685.101 does not apply to any contract, agreement, or undertaking:
 

 (a) Regarding any transaction which does not bear a substantial or reasonable relation to this state in which every party is either or a combination of:
 

 1. A resident and citizen of the United States, but not of this state; or
 

 2. Incorporated or organized under the laws of another state and does not maintain a place of business in this state.
 

 § 685.101(2), Fla. Stat. (1989). Otherwise stated, section 685.101
 
 “only applies
 
 if either 1) the contract bears a substantial or reasonable relation to Florida, or 2) at least one of the parties is either a resident or citizen of Florida (if a person), or is incorporated or organized under the laws of Florida or maintains a place of business in Florida (if a business).” Edward M. Mullins & Douglas J. Giuliano,
 
 Contractual Waiver of Personal Jurisdiction Under F.S. § 685.102: The Long-Arm Statute’s Little-Known Cousin,
 
 80-May Fla. B.J. 36, 37 (2006).
 

 Related to section 685.101 is section 685.102, titled Jurisdiction, which states that:
 

 Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.
 

 § 685.102(1), Fla. Stat. (1989).
 

 Read together, the two sections stand for the proposition that, if certain requirements are met, parties may, by contract alone, confer personal jurisdiction on the courts of Florida.
 
 [3]
 
 To satisfy the statutory requirements, the contract, agreement, or undertaking must (1) include a choice of law provision designating Florida Law as the governing law, (2) include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida, (3) involve consideration of not less than $250,000, (4) not violate the United States Constitution, and (5) either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under its laws. Thus, as long as one of the parties is a resident of Florida or incorporated under its laws, and the other statutory requirements are met, sections 685.101-.102 operate irrespective of whether the underlying contract bears any relation to Florida and notwithstanding any law to the contrary.
 
 See
 
 §§ 685.101 and 685.102, Fla. Stat.
 

 The language of the statute is clear. By promulgating sections 685.101-
 
 *163
 
 .102, the Legislature allowed contracting parties to dispense with the more restrictive Florida long-arm limitations.
 
 See Steller Group, Inc. v. Mid-Ohio Mech., Inc.,
 
 2004 WL 5685570, at *2 (M.D.Fla. Jan. 28, 2004);
 
 E-One, Inc. v. R. Cushman & Assocs., Inc.,
 
 2006 WL 2599130, at *6 (M.D.Fla. May 15, 2006) (determining that section 685.102 provided an additional basis for jurisdiction). In section 685.102, the Legislature, by its clear terms, granted parties the very right that
 
 McRae
 
 and its progeny found conspicuously absent in section 48.193; the right to confer personal jurisdiction by agreement.
 

 Further, we must assume the Legislature knew the existing law when it passed sections 685.101-.102.
 
 See Williams v. Jones,
 
 326 So.2d 425, 435 (Fla.1975) (“[T]he Legislature is presumed to know the existing law when it enacts a statute and is also presumed to be acquainted with the judicial construction of former laws on the subject concerning which a later statute is enacted”) (citing
 
 Collins Inv. Co. v. Metro. Dade County,
 
 164 So.2d 806 (Fla.1964)).
 

 However, the Legislature could not, and did not, dispense with the due process requirements of the United States Constitution. Instead, it made the due process requirement the sole inquiry when considering the issue of personal jurisdiction in cases governed by sections 685.101-.102. Therefore, we must still determine whether there are minimum contacts sufficient to justify the trial court’s exercise of jurisdiction over defendant. Normally, courts review a number of factors to determine whether minimum contacts exist. However, in the commercial context, “the Supreme Court has held that the minimum contacts standard is met if a forum-selection clause exists that is ‘freely negotiated’ and is not ‘unreasonable and unjust.’ ”
 
 Steller Group, Inc.,
 
 2004 WL 5685570, at *3 (citing
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985));
 
 Global Satellite Commc’n Co. v. Sudline,
 
 849 So.2d 466, 469 (Fla. 4th DCA 2003);
 
 see Desai Patel Sharma, Ltd. v. Don Bell Indus., Inc.,
 
 729 So.2d 453, 454 (Fla. 5th DCA 1999) (“Personal jurisdiction, unlike subject matter jurisdiction, may be conferred by agreement.”).
 

 Applying the five requirements of sections 685.101-.102 to the facts of this case, we find that Jet’s motion to dismiss for lack of personal jurisdiction was properly denied. Here, the contract (1) included a choice of law provision, designating Florida as the governing law, (2) included a provision whereby Jet agreed to submit to the jurisdiction of the courts of Florida, (3) involved consideration well in excess of $250,000, (4) pursuant to
 
 Desai
 
 and
 
 Burger King Corp.,
 
 created minimum contacts without violating the United States Constitution, and (5) was executed by a party incorporated under the laws of the state of Florida.
 

 Accordingly, under sections 685.101-.102, the parties properly conferred personal jurisdiction over each other in Florida. We affirm all other issues on appeal.
 

 Affirmed.
 

 [1]
 

 . Jet is a Delaware corporation with its principal place of business in New York.
 

 [2]
 

 . “Long ago, the United States Supreme Court in
 
 International Shoe Co. v. Washington,
 
 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), held that in order to subject a defendant to an in personam judgment when he is not present within the territory of the forum, due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.”
 
 Venetian Salami Co.,
 
 554 So.2d at 500.
 

 [3]
 

 . Even after the Legislature passed sections 685.101-.102, courts still quote with approval the language of
 
 McRae:
 
 “Conspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement.”
 
 See Four Star Resorts Bahamas, Ltd.
 
 v.
 
 Allegro Resorts Mgmt. Servs., Ltd.,
 
 811 So.2d 809, 811 (Fla. 3d DCA 2002). These references, however, merely parrot the rule as it relates to section 48.193 and, we believe, have no effect on the impact of sections 685.101-.102.