DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JEREMY HAMILTON,**
Appellant,

v.

**BETTY HAMILTON,**
Appellee.

No. 4D14-37

[July 23, 2014]

Appeal of non-final orders from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez-Powell, Judge; L.T. Case No. CACE13023844.

Elana H. Gloetzner of Elana Weintraub Gloetzner, PLC, Southfield, Michigan, for appellant.

C. Edward McGee, Jr., of McGee & Huskey, P.A., Fort Lauderdale, for appellee.

MAY, J.

A question of personal jurisdiction is at the center of this appeal. A stepson appeals an order denying his motion to dismiss for lack of personal jurisdiction and an order granting a temporary injunction. He argues the trial court erred in denying his motion to dismiss and granting the temporary injunction because he lacks minimum contacts with the State of Florida. We agree and reverse.

The dispute arises out of family owned and operated adult entertainment establishments in Michigan. Ownership of the establishments is governed by the terms of the Hamilton Family Subchapter S Voting Trust, which was executed in 2006 in Michigan. Each named beneficiary was given a one-fifth interest in shares of stock in the businesses. The five beneficiaries of the Trust were: the stepson, John I. Hamilton, Jr., Charles J. Hamilton, Michael I. Hamilton, and Courtney Vanloo. The managing trustee was the father, who managed the businesses on behalf of the beneficiaries.

Upon the father's death in 2010, the surviving spouse and stepmother became the managing trustee and also acquired John I. Hamilton, Jr.'s one-fifth interest. As managing trustee, she maintained the bank accounts for the businesses. The Trust provided that the managing trustee "may only be removed by a vote of two-thirds (2/3) of the voting interest and only at a meeting called for the purpose of removing the Managing Trustee."[1]

The stepson was interested in selling his stock, but none of the beneficiaries wanted to purchase it. The beneficiaries, including the stepson, executed a Stock Restriction Agreement, which set forth various terms governing the beneficiaries' disposal of their shares of stock. After the execution of the Stock Restriction Agreement, the stepson again expressed his desire to sell his stock; his stepmother agreed to purchase his interest.

The stepson asked a family financial adviser in Michigan to prepare and deliver a preliminary stock purchase agreement setting forth basic terms to govern the proposed sale to his stepmother. The financial adviser faxed the "Preliminary Stock Purchase Agreement" to the stepmother's attorney in Florida. All of the other beneficiaries were aware of the preliminary offer to sell the stepson's interest in the businesses; none of them objected.

The stepmother and stepson executed the Stock Purchase Agreement. In return for the stepson's stock, the stepmother agreed to pay him $2,000 per week for eight years. Paragraph seven of the agreement provided: "This Agreement is made in the State of Florida and shall be interpreted in accordance with the laws of the State of Florida. Venue shall be had in Broward County Florida and all parties agree to accept service of process by US Mail to the addresses provided above."

After the agreement was executed, the other beneficiaries, including the stepson, held a meeting without the stepmother. At this meeting, the stepson voted the stock he had already sold to his stepmother to remove her as the managing trustee. As a result of her removal, the remaining beneficiaries seized control of the businesses, which included unlawfully opening new bank accounts and illegally diverting the profits from the businesses away from the stepmother.

The stepmother filed suit against her stepson in Broward County for specific performance, breach of contract, and injunctive relief. Both she

---

[1] The following facts are taken from the allegations of the complaint.

and her stepson are residents of Michigan, but she has a residence in Broward County, Florida. The stepson moved to dismiss the complaint for lack of personal jurisdiction.[2]

The trial court heard the stepson's motion to dismiss and the stepmother's motion for temporary injunction. In his motion to dismiss, the stepson argued that the allegations in the complaint did not establish a basis for jurisdiction, pursuant to sections 685.102 and 48.193, Florida Statutes.

The stepson's supporting affidavit attested that he is a resident of Michigan, does not reside in Florida, and has no contacts within Florida. The stepson does not own, hold, use, possess, or lease any property, maintain an office, or conduct business in Florida. He further attested that he has not entered into any contract in Florida and has not engaged in any acts with the stepmother in Florida. The stepmother did not file a response or affidavit refuting the attestations.

At the hearing, the stepson maintained that he had no contacts with Florida. The stepmother's counsel argued that the terms of the Stock Purchase Agreement provided for jurisdiction in Florida, and the stepson wanted to execute the agreement in Florida because of an impending divorce.

The trial court denied the motion, stating:

> I've reviewed the Stock Option Agreement, I've reviewed the Motion to Dismiss, I've reviewed the exhibits. I've also reviewed 685.101 and 102. 101 deals with the choice of laws that would apply. 102 deals with jurisdiction. Parties agreed under the Stock Option Agreement that jurisdiction would lie in Florida in Broward County and the Motion to Dismiss is denied.

The court also entered a temporary injunction. The stepson now appeals the order denying his motion to dismiss and the order granting the temporary injunction.

---

[2] The other beneficiaries, including the stepson, sued the stepmother in Michigan requesting the court: (1) enter a declaratory judgment concerning the stepmother's purchase of shares of stock from the stepson; and (2) void the Stock Purchase Agreement and enjoin the stepmother from enforcing it.

"Generally, a trial court's ruling on a motion to dismiss for lack of personal jurisdiction is reviewed *de novo*. . . . [W]ith respect to the determination of facts, we defer to the trial court. With respect to the application of those facts to the law, we review *de novo*." *Dev. Corp. of Palm Beach v. WBC Constr., L.L.C.*, 925 So. 2d 1156, 1160 (Fla. 4th DCA 2006) (citations omitted) (internal quotation marks omitted).

Our supreme court has held that "a forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant." *McRae v. J.D./M.D., Inc.*, 511 So. 2d 540, 542 (Fla. 1987). *McRae*, however, was decided prior to the enactment of sections 685.101 and 685.102, Florida Statutes. Those statutes provide a basis for jurisdiction under particularized circumstances.

The Third District discussed jurisdiction in light of these statutory provisions in *Jetbroadband WV, LLC v. MasTec North America, Inc.*, 13 So. 3d 159 (Fla. 3d DCA 2009). "[I]f certain requirements are met, parties may, by contract alone, confer personal jurisdiction on the courts of Florida." *Id.* at 162. To satisfy the statutory requirements for personal jurisdiction under section 685.102, the contract, agreement, or undertaking must:

1. include a choice of law provision designating Florida law as the governing law;

2. include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida;

3. involve consideration of not less than $250,000;

4. not violate the United States Constitution; and

5. either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under its laws.

*Id.* The facts alleged in this complaint fail to satisfy these requirements.

True, the first three factors were satisfied. The Stock Purchase Agreement provided that Florida law would apply to the agreement. The parties' agreement to the mandatory venue provision constituted consent to jurisdiction in Florida. *See Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So. 2d 827, 829 (Fla. 4th DCA 2004). And, the Stock Purchase

4

Agreement involved consideration of not less than $250,000.

However, the complaint and the evidence failed to establish the requisite minimum contacts required by the Constitution. This is the fatal flaw in the stepmother's jurisdictional quest. "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." *Taskey v. Burtis*, 785 So. 2d 557, 559 (Fla. 4th DCA 2001).

Here, the stepson's affidavit refuted many, but not all, of the allegations contained within the complaint. Although faxing the preliminary draft and final copy of the Stock Purchase Agreement to Florida provided "some" contact, it was insufficient to establish that the stepson had a connection with the State of Florida independent of the forum selection clause to establish the requisite minimum contacts. *See id.*; *see also McRae*, 511 So. 2d at 543 (finding no basis independent from the forum selection clause to exercise jurisdiction). *But see Global Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 467 (Fla. 4th DCA 2003) (finding a Florida forum selection clause coupled with the agreement's requirement that payment be made in Florida established minimum contacts). The court erred in denying the motion to dismiss.

The stepson also challenges the court's order granting the temporary injunction. He argues that the court did not have personal jurisdiction over him, failed to properly evaluate the four requirements for a temporary injunction, and refused to conduct a full evidentiary hearing. The stepmother responds that the court had personal jurisdiction over the stepson, evaluated the evidence, and correctly entered the temporary injunction. We agree that without personal jurisdiction over the stepson, the temporary injunction must be vacated.

We review temporary injunctions for an abuse of discretion. *Colucci v. Kar Kare Auto. Grp., Inc.*, 918 So. 2d 431, 435 (Fla. 4th DCA 2006).

We first note that the stepson failed to furnish us with an adequate record to review this issue. *See Applegate v. Barnett Bank*, 377 So. 2d 1150 (Fla. 1979). Nevertheless, the lack of personal jurisdiction undermines the validity of the temporary injunction.

We have reviewed *Smith v. Knight*, 679 So. 2d 359 (Fla. 4th DCA 1996), relied upon by the stepmother to support the entry of the temporary injunction, and find it distinguishable. There, we approved the entry of an

*ex parte* temporary injunction in the absence of personal jurisdiction. Because of the *ex parte* nature of the proceeding, we found no error in the entry of the temporary injunction because giving notice might have accelerated the alleged injury. *Id.* at 361. Here, however, the stepson had notice, and specially appeared to contest personal jurisdiction. There was therefore no harm to protect against. We find no merit in the other issues raised concerning the injunction.

We therefore reverse the order denying the stepson's motion to dismiss for lack of personal jurisdiction, and the order entering the temporary injunction. We remand the case for dismissal of the complaint.

*Reversed and Remanded.*

DAMOORGIAN, C.J., and WARNER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6