Kuntz, J.
The Plaintiff appeals the court’s order dismissing its complaint for lack of personal jurisdiction. The court concluded that the Defendant lacked the traditional minimum contacts generally required for the exercise of personal jurisdiction over a non-resident defendant. In this case, the parties agreed to the jurisdiction of Florida’s courts in a contract, and we find that because the parties’ contract satisfied the requirements of sections 685.101 and 685.102, Florida Statutes (2015), the exercise of personal jurisdiction by Florida’s courts does not offend due process. We reverse the court’s order dismissing the complaint for lack of personal jurisdiction.
Background
In 1997, the Plaintiff partnered with Defendants to create an Illinois limited liability company. Both the Plaintiff and Defendants contributed capital to the newly-formed company, and both agreed that the Defendants would be the managing member. The parties executed an operating agreement which included both a choice of law provision and a jurisdictional provision stating:
9.7 Legal Interpretation. This Agreement shall be construed and interpreted in accordance with the law of the State of Illinois with respect to the [Illinois Limited Liability Company] Act, and in accordance with the laws of the State of Florida with respect to all other legal and equitable issues, without regard to conflict of laws principles.
9.8 Jurisdiction. All suits, actions, and proceedings relating to this Agreement may be brought only in the courts of the State of Florida located in Palm Beach County or in the U.S. District Court for the Southern District of Florida. Each party consents to the non-exclusive personal jurisdiction of the courts described in this section for the purpose of any suit, action, or proceeding. Each party waives all objections to venue and to all claims that a court chosen in accordance with this section is improper based on venue or a forum non conveniens claim.
*299 The parties twice amended the operating agreement. Those amendments resulted in the assignment of shares between the two Defendants and, additionally, an agreement that the corporate defendant would not provide services outside of a specified geographic area.
In 2014, the relationship ended and the parties signed an ownership redemption agreement. The Defendants sold back their stock to the Plaintiff and represented that there were no outstanding claims or lawsuits against the Illinois limited liability company. In reliance on these representations, the Plaintiff released the Defendants from liability for allegedly breaching the operating agreement. However, the ownership redemption agreement provided that should the representations made by the Defendants be proven false, the Plaintiff retained certain rights.
The Plaintiff sought to exercise those rights by filing a lawsuit in the circuit court, asserting that the Defendants had breached the parties’ contracts, seeking damages and a declaratory judgment that the Defendants were entitled to no further revenue from the operating agreement or ownership redemption agreement.
The Defendants moved to dismiss the complaint for lack of personal jurisdiction, improper venue, and for failure to state a claim, arguing: they resided in Illinois, not Florida; they did not maintain any office or place of business in Florida, nor transact any business here; and the complaint was based on a dispute arising out of the ownership redemption agreement and not the operating agreement.
After holding a hearing, the court granted the motion to dismiss. The court first determined that the ownership redemption agreement—not the operating agreement—was at issue. As a result of that determination, and because the ownership redemption agreement did not contain choice of law and venue provisions, the court concluded Florida courts lacked personal jurisdiction over the Defendants. The court also held that, even if the choice of law and venue provisions from the operating agreement applied, the Defendants did not have sufficient minimum contacts with Florida to support exercising personal jurisdiction over them.
After the court denied rehearing, the Plaintiff appealed the court’s order.
Analysis
We review a circuit court’s order on a motion to dismiss for lack of personal jurisdiction de novo. Hamilton v. Hamilton, 142 So.3d 969, 971 (Fla. 4th DCA 2014) (citations omitted).
The Plaintiff raises two issues on appeal. First, the Plaintiff argues the circuit court erred in its determination that the cause of action was based only upon the ownership redemption agreement, which did not contain a forum selection clause and choice of law provision, as opposed to the operating agreement, which contained both provisions. Second, the Plaintiff argues the court misinterpreted our decision in Hamilton, and applied a minimum contacts test beyond what is required by statute or the United States Constitution. We agree with the Plaintiff on both issues.
It is first necessary to determine which agreement, or agreements, are at issue in the lawsuit. If the complaint was based exclusively on the ownership redemption agreement, as argued by the Defendants and accepted by the circuit court, the choice of law and venue provisions are not at issue and the jurisdictional analysis would be based upon the traditional minimum contacts test set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). However, if the operating agreement was at issue in the complaint, the choice of law *300 and venue, provisions are at issue, and jurisdiction must be analyzed.under sections 685.101 and 685.102, Florida Statutes (2015).
We conclude that the Plaintiffs complaint was based upon both the operating agreement and the ownership redemption agreement as the latter would not exist but for the former. Furthermore, the-ownership redemption agreement would not exist but for the now-severed business relationship between the parties, which was created by the operating agreement. Therefore, the operating agreement cannot be ignored when conducting the jurisdictional analysis.
The First District addressed a similar issue in an appeal relating to personal jurisdiction and reached the same conclusion. See Unison Inv. Ltd. P’ship v. Unison Indus. Ltd. P’ship, 633 So.2d 1165 (Fla. 1st DCA 1994). In Unison, the defendant argued that the dispute related exclusively to a redemption agreement and not the underlying business venture in Florida. Id. at 1166. The court rejected this argument, stating that the redemption agreement “should not be viewed solely unto itself apart from the business purpose which it served.” Id. The court concluded that the “agreement had its origin in and its purpose was related to the parties’ business venture” and that the “action on the agreement' should thus be viewed as one which arises from the business venture which was the predicate for the agreement.” Id. We conclude the same applies here, and at issue in the present case are both the operating agreement and the redemption agreement.
Next, we must determine whether the choice of law, venue, and personal jurisdiction waiver provisions in the operating agreement are sufficient to subject the Defendants to the personal jurisdiction of the courts of Florida.
The circuit court accepted the Defendants’ argument that, notwithstanding the waiver and consent provisions in the operating agreement, the Plaintiff was still required to separately- satisfy the minimum contacts test set forth by the United States Supreme Court in International Shoe. It is always true that a defendant must have minimum contacts with a forum state, in order, to satisfy due process and for the forum state’s courts to have personal jurisdiction over the defendant. However, when authorized by statute, a party’s informed .consent to personal jurisdiction can satisfy the requirements set forth in International Shoe and its progeny.
Moreover, a minimum contacts analysis in the commercial context requires a different approach. The Supreme Court has explained that “in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. Where such forum-selection provisions have been obtained through ‘freely negotiated’ agreements and are not ‘unreasonable and unjust,’ their enforcement does not offend due process.” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citations omitted).
Notwithstanding its. constitutionality, there was a time when Florida did not authorize the exercise of jurisdiction based upon consent alone. In 1987, the Florida Supreme Court held “that a,forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant.” McRae v. J.D./M.D., Inc., 511 So.2d 540, 542 (Fla. 1987). The court noted that “the legislature has set forth in our long arm statute the policy of this state concerning when Florida courts can exercise in per- *301 sonam jurisdiction over non-resident defendants” and, at that time, “conspicuously absent from the long arm statute [was] any provision for submission to in person-am jurisdiction merely by contractual agreement.” Id. at 543.
Such a provision is no longer conspicuously absent. As we noted in Hamilton, after McRae was decided, the legislature enacted sections 685.101 and 685.102, Florida Statutes, which allow Florida courts to exercise personal jurisdiction in certain circumstances not otherwise provided for under Florida’s long-arm statute. Hamilton, 142 So.3d at 971. When sections 685.101 and 685.102 are satisfied, personal jurisdiction may be exercised and the courts may dispense with the more traditional minimum contacts analysis. Medytox Diagnostics, Inc. v. Samuels, No. 14-CIV-20719, 2014 WL 12606310, at *5 (S.D. Fla. July 18, 2014) (citations omitted).
In other words, sections 685.101 and 685.102 allow parties to confer jurisdiction on the courts of Florida by contract alone if certain requirements are met. In Jetbroadband WV, LLC v. MasTec North America, Inc., 13 So.3d 159, 162 (Fla. 3d DCA 2009), the Third District identified these requirements as five jurisdictional factors. We have since applied these factors in Hamilton.
Based upon the plain language of the statutes and relevant case law, in order for a Florida court to exercise personal jurisdiction over a non-resident pursuant to sections 685.101 and 685.102, the contract must:
(1) Include a choice of law provision designating Florida law as the governing law, in whole or in part;
(2) Include a provision whereby the nonresident agrees to submit to the jurisdiction of the courts of Florida;
(3)Involve consideration of not less than $250,000 or relate to an obligation arising out of a transaction involving in the aggregate, not less than $250,000;
(4) Not violate the United States Constitution; and
(5) Either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under the laws of Florida.
See §§ 685.101, .102, Fla. Stat. (2015); Hamilton, 142 So.3d at 971-72.
In this case, the operating agreement satisfied all five jurisdictional factors. The first is satisfied because the contract included a choice of law provision designating Florida law as the-governing law. The second was clearly met as the contract not only had a venue provision designating Florida as the mandatory venue for any disputes relating to the relationship, but also had a specific clause acknowledging that all parties agreed to be subject to .the personal jurisdiction of the Florida courts. Additionally, the fourth and fifth, factors were satisfied, as there is no dispute that the contract did not violate the United States Constitution and that it bore a relationship to Florida.
The third factor is the focus of the Defendants’ argument. They argue that the contract did not involve sufficient consideration, and that a claim for damages cannot satisfy this requirement; that is, consideration is determined at the time the contract was formed and damages are not part of that calculation. In support of this argument, the Defendants reference the parties’ initial capital contributions, which totaled only $60,000.
However, calculating consideration under this factor is not as limited as the Defendants imply. The statutory re *302 quirement of $250,000 is satisfied when the contract is “in consideration of or relating to any obligation arising out of a transaction involving in the aggregate not less than $250,000.” § 685.101(1), Fla. Stat. (2015). As one court noted, “even if the parties to an agreement do not exchange at least $250,000, section 685.101 may still apply if, an aggregate of more than $250,000 arises from transactions related to the contract.” Upofloor Americas, Inc. v. S Squared Sustainable Surfaces, LLC, 616CV1790RL37DCI, 2016 WL 5933422, at *6 (M.D. Fla. Oct. 12, 2016). On its face, the statute provides that the $250,000 threshold may be satisfied by consideration on the face of the contract and from transactions arising from the contract. Elandia Intern., Inc. v. Ah Koy, 690 F.Supp.2d 1317, 1335 (S.D. Fla. 2010) (“[T]he drafters of the statute clearly provided that a transaction’s cash consideration is not the only means of satisfying the $250,000 threshold by including the ‘or relating to any obligation’ language.”). In this case, the Plaintiff presented unrefuted evidence that the operating agreement satisfied that jurisdictional threshold.
Conclusion
The Plaintiffs complaint satisfied the requirements of sections 685.101 and 685.102, Florida Statutes (2015). Therefore, the court should have dispensed with the traditional minimum contacts analysis and exercised personal jurisdiction over the Defendants. The court’s order dismissing the Plaintiffs complaint for lack of personal jurisdiction is reversed.

Reversed and remanded for further proceedings.

May and Klingensmith, JJ., concur.