JOAN A. LENARD, UNITED STATES DISTRICT JUDGE
*1271 THIS CAUSE is before the Court on Defendant Cruise Ship Excursions, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction, filed September 3, 2018. ("Motion," D.E. 31.) Plaintiff Julie Lienemann filed a response on September 27, 2018, ("Response," D.E. 41), to which Cruise Ship Excursions, Inc. filed a Reply on October 4, 2018, ("Reply," D.E. 45). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.
I. Background
Defendant Cruise Ship Excursions, Inc. ("Defendant") is a U.S. Virgin Islands corporation with its principal place of business located in St. Thomas, U.S. Virgin Islands. (Id. ¶ 3.) Carnival is a Panamanian corporation with its principal place of business located in Miami, Florida. (Id. ¶ 4.)
On May 1, 2003, Defendant and Carnival entered into a Standard Shore Excursion Independent Contractor Agreement. ("Agreement," D.E. 10-1 at 6-9.) Pursuant to this Agreement, Carnival agreed to sell various catamaran excursion tickets to its passengers and Defendant agreed to provide excursions to Carnival's passengers. (Am. Compl. ¶ 10.) The Agreement contains a consent to jurisdiction provision which states, in relevant part:
Litigation:
... [Cruise Ship Excursions] consents to the personal jurisdiction over it and to the venue of the courts serving the Southern District of Florida in the event of any lawsuit to which CARNIVAL is a party and which is related to, in connection with, arising from or involving the Shore Excursions or terms of this Agreement.
(Agreement ¶ 14(c).) The Amended Complaint alleges that the Agreement "involved consideration not less than $250,000, or was related to an obligation arising out of a transaction involving in the [aggregate] not less than $250,000." (D.E. 27 ¶ 10.)
The Amended Complaint alleges that in May 2017, Plaintiff suffered significant injuries while aboard a catamaran owned by Defendant while participating in an excursion as part of her Carnival cruise vacation. (Id. ¶¶ 1, 13.) In April 2018, Plaintiff initiated this lawsuit against Defendant and Carnival. (D.E. 1.) On August 20, 2018, Plaintiff filed the operative Amended Complaint which asserts claims against Defendant for negligence (Count I) and third-party beneficiary breach of contract (Count III).[1]
On September 3, 2018, Defendant filed the instant Motion to Dismiss for Lack of Personal Jurisdiction. (D.E. 31.)
II. Legal Standards
When deciding the issue of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a court must conduct a two-part inquiry:
*1272 First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. [Second, i]f the requirements of the long-arm statute are satisfied, then the court must inquire as to, (1) whether defendant has established sufficient minimum contacts with the state of Florida; and (2) whether the exercise of this jurisdiction over defendant would offend traditional notions of fair play and substantial justice.
Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (citations and internal quotation marks omitted). Ultimately, the plaintiff bears the burden of proving personal jurisdiction. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996).
"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988) (citing Delong v. Wash. Mills, 840 F.2d 843, 845 (11th Cir. 1988) ; Bracewell v. Nicholson Air Serv., Inc., 748 F.2d 1499, 1504 (11th Cir. 1984) ). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict." Id."Where, as here, the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). Allegations in the complaint are accepted as true to the extent they are uncontroverted by defendant's non-conclusory affidavits or deposition testimony. Morris, 843 F.2d at 492. Where there is conflict between the parties' affidavits and deposition testimony, all reasonable inferences are drawn in favor of the plaintiff. Id. See also Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000) ; Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).
III. Discussion
Defendant argues that Plaintiff has not established a prima facie case of specific jurisdiction over Defendant because the claims do not arise from or relate to Defendant's actions or contacts with Florida. (Mot. at 5 (citing Wolf v. Celebrity Cruises, Inc., 683 F. App'x 786, 793 (11th Cir. 2017) ).) Defendant further argues that Plaintiff cannot invoke Sections 685.101 and 685.102, Florida Statutes, to establish jurisdiction because she was not a signatory to the Agreement, and the claims do not arise out of the Agreement. (Id. at 7-10.)
Plaintiff argues that pursuant to the consent to jurisdiction provision contained in the Agreement, Defendant has consented to personal jurisdiction in this Court and, therefore, principles of waiver and estoppel preclude Defendant from seeking dismissal for lack of personal jurisdiction. (Resp. at 4, 13 (citing Steffan v. Carnival Corp., CASE NO. 16-25295-CIV-ALTONAGA/Goodman, 2017 WL 4182203, at *4-7 (S.D. Fla. Aug. 1, 2017) ).) Although Steffan did not speak in terms of "waiver" or "estoppel," it is directly on point and persuades the Court that it has personal jurisdiction over Defendant.
In Steffan, the plaintiff, a Carnival cruise passenger, was injured while participating in an excursion offered by "Chukka," a Turks & Caicos corporation, which he had purchased from Carnival. 2017 WL 4182203, at * 1. Carnival and Chukka had previously entered into a Standard Shore Excursion Independent Contractor Agreement that is virtually identical to the one at issue in this case. See id. at *2. The Agreement contained a consent to jurisdiction provision in which Chukka "consent[ed *1273 ] to the personal jurisdiction over it and to the venue of the courts serving the Southern District of Florida in the event of any lawsuit to which Carnival is a party and which is related to, in connection with, arising from or involving the Shore Excursion or the terms of this Agreement." Id. The Plaintiff sued Chukka in this Court for negligence and third-party breach of contract. Id. Chukka moved to dismiss the complaint for lack of personal jurisdiction, arguing that it had no connection with Florida whatsoever, and had never entered into a contract with Carnival intending to provide protection for its passengers. Id. at *2-3.
In a thorough and well-reasoned order, Judge Altonaga rejected Chukka's argument, finding that it had consented to personal jurisdiction in this Court by entering into the Standard Shore Excursion Independent Contractor Agreement. See id. at *4-7. Judge Altonaga found that although Florida has not always authorized the exercise of jurisdiction upon consent alone, the current state of Florida law permits it. Id. at *4-6. Specifically, in 1989, the Florida legislature enacted Section 685.101 and 685.102, Florida Statutes. Section 685.101 authorizes contracting parties to choose to be bound by Florida law even if the contract does not bear a relation to Florida:
The parties to any contract ... in consideration of or relating to any obligation arising out of a transaction involving in the aggregate not less than $250,000, the equivalent thereof in any foreign currency, or services or tangible or intangible property, or both, of equivalent value, ... may, to the extent permitted under the United States Constitution, agree that the law of this state will govern such contract ... in whole or in part, whether or not such contract ... bears any relation to this state.
Fla. Stat. § 685.101(1). In turn, Section 685.102 creates a parallel grant of jurisdiction:
Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.
Fla. Stat. § 685.102(1). In Jetbroadband WV, LLC v. MasTec North America, Inc., the Florida Court of Appeals held that these statutory provisions superseded the Florida Supreme Court's decision in McRae v. J.D./M.D., Inc., 511 So.2d 540, 542 (Fla. 1987), and permit contracting parties to agree to personal jurisdiction in Florida. 13 So.3d 159, 160 (Fla. Dist. Ct. App. 2009).
The language of the statute is clear. By promulgating sections 685.101-.102, the Legislature allowed contracting parties to dispense with the more restrictive Florida long-arm limitations.... In section 685.102, the Legislature, by its clear terms, granted parties the very right that McRae and its progeny found conspicuously absent in section 48.193; the right to confer personal jurisdiction by agreement.
Id. at 162-63. "Further cementing the Jetbroadband holding, in 2013, the Florida legislature enacted section 48.193(1)(a)(9), which explicitly added '[e]ntering into a contract that complies with [ section] 685.102,' to the enumerated acts which *1274 may subject a non-resident defendant to the jurisdiction of a Florida court." Steffan, 2017 WL 4182203, at *5.
Thus, the current state of Florida law holds that " sections 685.101 and 685.102 allow parties to confer jurisdiction on the courts of Florida by contract alone if certain requirements are met." Corp. Creations Enters. LLC v. Brian R. Fons Attorney at Law P.C., 225 So. 3d 296, 301 (Fla. Dist. Ct. App. 2017) (hereafter, " Fons").
Based upon the plain language of the statutes and relevant case law, in order for a Florida court to exercise personal jurisdiction over a non-resident pursuant to sections 685.101 and 685.102, the contract must:
(1) Include a choice of law provision designating Florida law as the governing law, in whole or in part;
(2) Include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida;
(3) Involve consideration of not less than $250,000 or relate to an obligation arising out of a transaction involving in the aggregate not less than $250,000;
(4) Not violate the United States Constitution; and
(5) Either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under the laws of Florida.
Id. (citing Fla. Stat. §§ 685.101, 685.102 ; Hamilton v. Hamilton, 142 So.3d 969, 971 (Fla. Dist. Ct. App. 2014) ).
Under materially identical facts as to those in this case, Judge Altonaga found in Steffan that the Standard Shore Excursion Independent Contractor Agreement satisfied each of these elements. 2017 WL 4182203, at *6. The Court agrees with Judge Altonaga. The first element is satisfied by Paragraph 14(e) of the Agreement, which provides that the Agreement "shall be governed by and construed in accordance with the General Maritime Law of the United States and/or the Laws of the State of Florida, U.S.A." (Agreement ¶ 14(e).) The second element is satisfied by Paragraph 14(c), which provides that Defendant
consents to the personal jurisdiction over it and to the venue of the courts serving the Southern District of Florida in the event of any lawsuit to which CARNIVAL is a party and which is related to, in connection with, arising from or involving the Shore Excursions or terms of this Agreement.
(Id. ¶ 14(c).) The third element "is almost certainly satisfied" given the number of vessels involved-at least eighteen, (see id. ¶ 1)-and given that the current Agreement had been in effect for fifteen years at the time this lawsuit was filed. Steffan, 2017 WL 4182203, at *6 ("The third factor is almost certainly satisfied given, as Plaintiff points out, 'the number of vessels involved [ (at least 20)'], the number of excursions, and the number of years the contract has been in effect [ (11+) ]."); see also Fons, 225 So.3d at 302 ("As one court noted, 'even if the parties to an agreement do not exchange at least $250,000, section 685.101 may still apply if, an aggregate of more than $250,000 arises from transactions related to the contract.' ") (quoting Upofloor Ams., Inc. v. S Squared Sustainable Surfaces, LLC, 616CV179ORL37DCI, 2016 WL 5933422, at *6 (M.D. Fla. Oct. 12, 2016) ). And in any event, Defendant does not dispute the Amended Complaint's allegation that the Agreement "involved consideration not less than $250,000, or was related to an obligation arising out of a transaction involving in the [aggregate] not less than $250,000[,]" (Am. Comp. ¶ 10); thus, the allegation is accepted as true. Morris, 843 F.2d at 492 ("Allegations in the complaint are accepted as true to the extent they are uncontroverted by defendant's *1275 non-conclusory affidavits or deposition testimony.").
Nor does Defendant dispute the Amended Complaint's allegation that the fourth element is satisfied, (see Am. Compl. ¶ 10 ("This agreement does not violate the constitution.") ); thus, the allegation is accepted as true. Morris, 843 F.2d at 492 ; see also Steffan, 2017 WL 4182203, at *6 ("The fourth factor is satisfied, as the contract does not violate the United States Constitution, and Defendant has not asserted it does.").
Finally, with respect to the fifth element , Defendant does not dispute the Amended Complaint's assertion that Carnival is a Florida resident, (Am. Comp. ¶ 10); thus, the allegation is accepted as true. Morris, 843 F.2d at 492 ; see also Steffan, 2017 WL 4182203, at *6 ("Carnival is clearly a Florida resident."). Therefore, the applicable state statute governing personal jurisdiction is satisfied, and Plaintiff has established the first part of the personal jurisdiction inquiry.
The Court finds that Plaintiff has also established the second part of the personal jurisdiction inquiry, as "the type of forum selection and conferral of jurisdiction clauses at issue here do not offend the United States Constitution." Steffan, 2017 WL 4182203, at *6. Indeed, the Supreme Court has observed that "[w]here such ... provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' ... their enforcement does not offend due process." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) ).
Nevertheless, Defendant argues that Plaintiff cannot enforce the consent to jurisdiction clause because she was not a party to the Agreement. (See Mot. at 8 (citing Evesson v. Carnival Corp., Case No. 17-23474, D.E. 41 (S.D. Fla. June 20, 2018) ).) However, Count III of the Amended Complaint asserts a claim for third-party beneficiary breach of contract against Defendant. "For a contract to intend to benefit a third party, such intent 'must be specific and must be clearly expressed in the contract.' " Heller v. Carnival Corp., 191 F.Supp.3d 1352, 1365 (S.D. Fla. 2016) (quoting Aronson v. Celebrity Cruises, Inc., 30 F.Supp.3d 1379, 1398 (S.D. Fla. 2014) (quoting Bochese v. Town of Ponce Inlet, 405 F.3d 964, 982 (11th Cir. 2005) ) ).
Here, unlike the excursion operator agreement in Wolf v. Celebrity Cruises, Inc., 683 F. App'x 786, 798 (11th Cir. 2017) -which expressly stated that the Agreement "shall not be deemed to provide third persons with any remedy, claim, right, or action or other right"-the Agreement in this case does not expressly disclaim third-party beneficiary status. To the contrary, the Court finds that the Agreement's consent to jurisdiction provision is written in broad, sweeping terms that "clearly contemplates suits by third parties[.]" Steffan, 2017 WL 4182203, at *7. Specifically, Defendant "consents to the personal jurisdiction over it and to the venue of the courts serving the Southern District of Florida in the event of any lawsuit to which Carnival is a party and related to, in connection with, arising from or involving the Shore Excursion or the terms of this Agreement." See id. (quoting Agreement ¶ 14(c).) Because the Agreement expresses an intent to benefit Carnival's guests, Plaintiff may enforce the consent to jurisdiction clause in this action.[2] See id.
*1276 IV. Conclusion
Accordingly, it is ORDERED AND ADJUDGED that Cruise Ship Excursions, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction is DENIED .
DONE AND ORDERED in Chambers at Miami, Florida this 9th day of November, 2018.

The Amended Complaint also asserts claims against Carnival for negligent retention (Count II), negligent selection and hiring (Count IV), negligence (apparent agency or agency by estoppel) (Count V), and breach of non-delegable duty (Count VI).

To the extent that Judge Cooke's ore tenus ruling in Evesson found otherwise, (see D.E. 23-1 at 32), the Court disagrees with that ruling.