[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10315

_____

WORTH GROUP, INC.,
ANDREW WILSHIRE,

Petitioners-Appellants,

*versus*

ROSALYN MORALES,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81372-AMC

_____

Before JORDAN, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Following oral argument, and a review of the record, we affirm the district court's order dismissing on personal jurisdiction grounds the lawsuit filed by Worth Group, Inc. and Andrew Wilshire against Rosalyn Morales. We explain why below.[1]

**I**

In 2019, Ms. Morales signed a contract with Worth Group, which is owned and controlled by Mr. Wilshire. Pursuant to the contract, Worth Group would loan Ms. Morales money so that she could finance leveraged purchases of precious metals with First National Boullion, LLC ("FNB"). The contract contained a mandatory arbitration clause requiring Ms. Morales to submit any claim against Worth Group to JAMS arbitration in Palm Beach County, Florida, with a retired Florida judge (state or federal) serving as the arbitrator.

Ms. Morales' contract with FNB also included a mandatory JAMS arbitration provision, requiring arbitration in California. In May of 2021, after her investment portfolio cratered, Ms. Morales filed an arbitration proceeding against FNB in California. A year later, in May of 2022, she filed an amended statement of claims to add Worth Group and Mr. Wilshire. She claimed that the latter were the masterminds of a scheme (conducted through affiliates

---

[1] As we write for the parties, we set out only what is necessary to explain our decision.

like FNB) to defraud unsophisticated investors. The JAMS arbitrator in California denied the motion to dismiss filed by Worth Group and Mr. Wilshire, reasoning that they had agreed to arbitration before JAMS and all of Ms. Morales' claims could proceed in California despite the forum selection clause in the Worth Group contract.

Worth Group and Mr. Wilshire then filed a petition in the United States District Court for the Southern District of Florida seeking an order (a) compelling Ms. Morales to submit her claim against them to JAMS arbitration in Palm Beach County, or (b) appointing a retired Florida judge and directing the parties to proceed under the Worth Group contract. Ms. Morales responded by filing a motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer the petition to the United States District Court for the Southern District of California.

The district court, as noted, dismissed the petition for lack of personal jurisdiction. It concluded that Ms. Morales' failure to file a JAMS arbitration proceeding in Palm Beach County was insufficient to subject her to personal jurisdiction in Florida.

## II

We review the district court's order of dismissal for lack of personal jurisdiction *de novo*, accepting the factual allegations of the petition as true. *See SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1222 (11th Cir. 2023).

The provision of the Florida long-arm statute that Worth Group and Mr. Wilshire rely on is Fla. Stat. § 48.193(1)(a)(7). It provides that a person is subject to personal jurisdiction in Florida if

he or she "[b]reach[es] a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]." Fla. Stat. § 48.193(1)(a)(7).

There is a reasonable argument that Ms. Morales is subject to personal jurisdiction in Florida under § 48.193(1)(a)(7). She contractually agreed to submit any claim against Worth Group and Mr. Wilshire to JAMS arbitration in Palm Beach County with a retired Florida judge serving as the arbitrator. And by initiating arbitration in California against Worth Group and Mr. Wilshire, she failed to abide by her contractual obligation, thereby arguably committing a breach in Florida. *See, e.g.*, *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 920 (11th Cir. 1989) (failure to turn over confidential information in Florida, as required by contract, subjected defendant to personal jurisdiction under the Florida long-arm statute now found at § 48.193(1)(a)(7)); *Betzold v. Auto Club Grp. Ins. Co.*, 124 So. 3d 402, 404 (Fla. 2d DCA 2013) (failure to deliver affidavit in Florida, as required by contract, subjected defendant to personal jurisdiction under the long-arm statute now located at § 48.193(1)(a)(7)).

The problem for Worth Group and Mr. Wilshire is the Florida Supreme Court's decision in *McRae v. J.D./M.D., Inc.*, 511 So. 2d 540 (Fla. 1987). In *McRae*, a Delaware corporation and two Mississippi residents entered into a contract for the provision of expert witnesses in a medical malpractice case. The contract provided that it would be governed by Florida law and that "venue shall be in Palm Beach County, Florida." *Id.* at 541. The corporation filed suit

in Florida for breach of contract and one of the Mississippi residents moved to quash service of process. The Florida Supreme Court held that the venue clause in the contract did not permit the exercise of personal jurisdiction: "We . . . hold that a forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant." *Id*. at 542. In the course of its opinion, the Florida Supreme Court emphasized that Florida had "no connection" with the transaction and that there was "no independent basis for Florida to exercise jurisdiction" in the dispute, as the underlying contract was not to be performed (not even partially) in Florida. *See id*. at 543 (pointing out that the defendant had "done none of the acts" set forth in [§] 48.913"). The Florida Supreme Court closed with this summary of its holding: "[W]e hold that a contractual choice of forum clause designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction over an objecting non-resident defendant." *Id*. at 544.[2]

The contract here required Ms. Morales to institute arbitration proceedings in Florida, but at the end of the day the relevant contractual provision was in essence a mandatory forum selection clause. As a result, *McRae*—which is admittedly not on all fours

---

[2] The Florida Legislature amended the long-arm statue in reaction to *McRae* by providing that jurisdiction can be exercised over a person or entity which entered into a contract containing a Florida choice of law clause and agreeing to submit to "the jurisdiction of the courts" of Florida. *See* Fla. Stat. § 48.193(1)(a)(9) (referencing Fla. Stat. § 685.102). Worth Group and Mr. Wilshire do not rely on this new provision.

given the difference in the contractual language there—strongly indicates that Ms. Morales is not subject to personal jurisdiction in Florida under § 48.193(1)(a)(7). If the result were otherwise, *McRae* could be avoided by the simple expedient of expressly requiring each of the contracting parties to file in the designated forum. In other words, if a venue/forum selection clause is insufficient under *McRae*, it would seem that the breach of such a clause is also insufficient. *Cf. Alexander Proudfoot Co.*, 877 F.2d at 920 (explaining that under *McRae*, "this court cannot merely rely on the contract Thayer signed that conferred personal jurisdiction and indicated venue").[3]

Given that the Florida long-arm statute is to be strictly construed, *see Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996), we conclude that the result and rationale of *McRae* govern here. *See Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Mgmt. Servs., Ltd.*, 811 So. 2d 809, 810–11 (Fla. 3d DCA 2002) (applying *McRae* and holding that personal jurisdiction could not be exercised over non-resident defendant despite a "more elaborate" contractual forum selection clause which required that "any suit, action, or proceeding" be brought in Dade County, Florida, and that the

---

[3] That Worth Group and Mr. Wilshire are themselves Florida residents does not affect the application of *McRae*. *See Vaughan v. AAA Empl., Inc.*, 511 So. 2d 1045, 1046 (Fla. 2d DCA 1987) (applying *McRae* even though the plaintiff, which was a signatory to the contract, was a Florida corporation).

parties "accept[ed] the exclusive personal jurisdiction" of the courts in that county).[4]

### III

The district court's order is affirmed.

**AFFIRMED.**

---

[4] We acknowledge that some Florida courts have held, under other provisions of Florida statutory law, that parties can contractually consent or otherwise waive objection to personal jurisdiction in Florida so long as certain prerequisites are met. *See, e.g.*, *Corp. Creations Enters. LLC v. Brian R. Fons Attorney at Law P.C.*, 225 So. 3d 296, 300–02 (Fla. 4th DCA 2017) (citing *Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, 13 So. 3d 159, 160–63 (Fla. 3d DCA 2009)). *See also* Fla. Stat. §§ 685.101–.102 (statutes promulgated after *McRae* which contain jurisdictional requirements for parties to contractually confer personal jurisdiction upon the courts of Florida). Those provisions are not at issue in this case, and therefore do not affect our analysis.